TOWN OF MONTCLAIR IN THE COUNTY OF ESSEX, PROS-ECUTOR-RESPONDENT, v. THE STATE BOARD OF EQUALIZATION OF TAXES, AND MONTCLAIR ACAD-EMY-MacVICAR FOUNDATION, DEFENDANTS-APPEL-LANTS.

Argued July 2, 1915—Decided November 15, 1915.

On appeal from the Supreme Court, whose opinion is reported in 86 *N. J. L.* 497.

For the appellants, *Lindabury, Depue & Faulks.*

For the respondent, *Charles H. Hartshorne.*

PER CURIAM.

The Montclair Academy-MacVicar Foundation was originally incorporated under the General Corporation act of 1896 and was taxed under the General Tax act of 1903.   After-

wards, a new corporation was organized under the act of 1898 to incorporate associations not for pecuniary profit, and the academy corporation conveyed all its property to the new association. Claiming to be exempt from taxation, because it was an incorporated association not for pecuniary profit, the academy appealed from an assessment of taxes levied by the town of Montclair for the year 1912, to the Essex county board of taxation, which set aside the assessment, from which determination the town of Montclair, being aggrieved, appealed to the board of equalization of taxes of New Jersey, which sustained the action of the county board. Thereupon, on *certiorari,* the Supreme Court reversed and set aside the action of the state board, and affirmed the taxes. The Supreme Court in its opinion observed:

"The state board found as a fact, that 'The Montclair Academy-MacVicar Foundation was a school or academy not conducted for profit on May 20th, 1912.' This finding, its final one, is manifestly an inference from the other facts found, most of which are above recited. We are not bound by this inference of fact but make our own finding."

The assertion of the Supreme Court that this finding was an inference was correct. But this finding by the state board, namely, that "The Montclair Academy-MacVicar Foundation was a school or academy not conducted for profit on May 20th, 1912," when the tax was levied, was a mere deduction from the other facts found, and was erroneous. A proper inference from the antecedent facts required a diametrically opposite finding, viz., that the academy was a school conducted for profit on the date mentioned. The Supreme Court was not bound by the erroneous conclusion reached by the state board and rightly decided the mixed question of law and fact, notwithstanding the contrary result had been reached by the conclusion of the state board from the same facts. The case is similar to, although not identical with, *New York Bay Railroad Co. v. Newark,* 82 *N. J. L.* 591, 595.

The judgment under review must be affirmed.

*For reversal*—None.